[No. 13806. In Bank. — March 19, 1891.]

D. L. WRIGHT ET AL., INSOLVENT DEBTORS, APPELLANTS, v. D. S. COHN ET AL., PETITIONING CREDITORS, RESPONDENTS.

FORM OF PROCEEDING AGAINST PARTNERSHIP — TITLE OF ASSIGNEE. — A proceeding under the Insolvent Act for or against partners is properly for or against them individually as partners; and the separate estate of each member of the firm passes to the assignee.

INSOLVENCY — PLEADING — PETITION OF CREDITORS OF PARTNERSHIP. — A petition of creditors for an adjudication of insolvency against a partnership which alleges that the defendants individually named and described as "copartners, doing business under the firm name," etc., "are indebted to your petitioner," etc., can only be understood as charging that the indebtedness arose in the business of the copartnership.

ID. — VERIFICATION OF PETITION — INFORMATION AND BELIEF. — A verification to the petition of the creditors of the partnership in the usual form for the verification of a pleading, including matters necessarily stated on information and belief, is sufficient.

APPEAL from a judgment of the Superior Court of Tulare County, and from orders made in proceedings in insolvency against the appellants.

The facts are stated in the opinion of the court.

*O. L. Abbott*, for Appellants.

*N. O. Bradley*, and *G. E. Lawrence*, for Respondents.

TEMPLE, C.—The only questions presented by this appeal are as to the sufficiency of the petition and the verification. They are as follows:—

"In the superior court of the county of Tulare, state of California. In the matter of D. L. Wright and W. B. Wright, copartners, doing business under the firm name of D. L. & W. B. Wright, insolvent debtors.

"To the honorable the superior court of the county o Tulare, state of California:—

"The petition of D. S. Cohn and S. Cohn, doing business under the firm name of Cohn & Co., Frederick Kern, Matthew McGovern, Frank T. Elam, and George Wright, respectfully shows that petitioners are each residents of the state of California, and that D. L. Wright and W. B. Wright, copartners, doing business under the firm name of D. L. & W. B. Wright, above named, are residents of the county of Tulare, state aforesaid, and are indebted to your petitioners as follows: To said firm of Cohn & Co. in the sum of $1,241.85, on a promissory note executed and delivered by said firm of D. L. & W. B. Wright to said firm of Cohn & Co., of date October 28, 1889, for the principal sum of $1,375, bearing interest at the rate of ten per cent per annum, no part of which has been paid, save and except the sum of $152.15, leaving now due on said note the sum of $1,241.85; to Frederick Kern in the sum of $60.75, for goods, wares, and merchandise sold and delivered to said insolvents within the last two years; to Matthew McGovern in the sum of $8.50, for care of team, and livery bill, furnished within two years last past; to Frank T. Elam in the sum

of $7.85, for blacksmithing and lumber, furnished within
two years last past; George Wright in the sum of $6, for
brick and mortar furnished within two years last past,
— in all $1,324.95; and each and all of said sums are
now due, and the same or no part thereof has been paid,
and neither of said petitioners has become a creditor of
said firm of D. L. & W. B. Wright by assignment within
thirty days prior to the filing of this petition; that said
D. L. & W. B. Wright, copartners as aforesaid, were on
the seventh day of December, 1889, insolvent; that said
firm of D. L. & W. B. Wright did, on or about the seventh
day of December, 1889, transfer and convey to one E. E.
Giddings and John Nance their certain livery-stable and
outfit, and their stock belonging to said livery-stable, and
other property situate in the town of Dinuba, and in
Tulare County, with intent to delay, defraud, and hinder
their creditors and your petitioners herein from collect-
ing their just claims against said firm; that said firm of
D. L. & W. B. Wright have transferred and conveyed all
their property within thirty days last past, and now have
no property, as your petitioners are informed and believe,
subject to attachment.

"Wherefore your petitioners pray that the said court
issue its order to said D. L. & W. B. Wright, copartners,
doing business under the firm name of D. L. & W. B.
Wright, to show cause, at a time and a place fixed by the
court, why they should not be adjudged insolvent debt-
ors, and the surrender of their estate be made for the
benefit of their creditors in manner required of insolvent
debtors.                    "MATTHEW $\overset{\text{his}}{\times}$ McGOVERN.
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxx}$ mark
$\phantom{xxxxx}$ "FREDERICK KERN.
$\phantom{xxxxx}$ "D. S. COHN AND S. COHN,
$\phantom{xxxxxxxxxx}$ Copartners as Cohn & Co.
$\phantom{xxxxx}$ "FRANK T. ELAM.
$\phantom{xxxxx}$ "GEORGE WRIGHT.
"Witness to signature of Matthew McGovern.
$\phantom{xxxxxxxxxxxxxxxx}$ "N. O. BRADLEY."

" State of California,  }
    County of Tulare.  } *ss.*

" D. S. Cohn, Matthew McGovern, and Frederick Kern, being each severally and duly sworn, says that he has heard read the foregoing petition and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters therein stated on information and belief, and as to those matters, that he believes it to be true; and said D. S. Cohn, above named, further says that he is now and was at all times herein mentioned a member of the firm of Cohn & Co., above named.
                                     his
                     " MATTHEW  ×  McGOVERN.
                                    mark
                     " FREDERICK  KERN.
                     " D. S. COHN.
    " Witness to signature of Matthew McGovern.
                                " N. O. BRADLEY."

The objection to the petition is, that it does not show that the creditors were creditors of the partnership rather than of D. L. and W. B. Wright as individuals. The allegation is, that D. L. and W. B. Wright, doing business as partners under the firm name of D. L. & W. B. Wright, are indebted, etc., and not that the firm of D. L. & W. B. Wright are indebted, etc. I think this averment can only be understood as charging that the indebtedness arose in the business of the copartnership.

There is no provision in the Insolvent Act for adjudging two or more persons insolvent and providing for a joint assignment, except section 35, which authorizes such proceedings in favor of or against partners, in reference to partnership debts and assets. In such case the proceeding is properly for or against them individually as partners. This must be so, for the separate estate of each member of the firm also passes to the assignee. And such was the practice in bankruptcy in the federal courts. Partnership debts are, after all, only

joint obligations, and the firm cannot be insolvent unless the individual members are so. It is doubtless necessary to show what the partnership debts are, for various questions are likely to arise between individual and firm creditors in marshaling of the assets and paying debts. The form adopted here in the averment of the partnership indebtedness is quite similar to that which has always been employed in pleading partnership indebtedness, and I think is sufficient.

The objection to the verification is, that it is in the usual form for the verification of a pleading, which includes matters stated on information and belief.

There are no matters in the petition stated to be on information and belief, and the statute does not prescribe the form of the verification. Where different creditors, however, having several debts, are required to join in a verification, some of the matters must necessarily be stated upon the information and belief of each of the affiants.

I think the petition and verification sufficient, and the judgment and orders appealed from should be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and orders appealed from are affirmed.