[No. 18241.   Department One.—March 12, 1894.]

MOSES LA POINT, ASSIGNEE, ETC., APPELLANT, v. C. S. L. BLANCHARD, RESPONDENT.

INSOLVENCY—FRAUDULENT PREFERENCE OF CREDITOR—TRANSFER OF UNCLAIMED HOMESTEAD—RECOVERY BY ASSIGNEE.—Where all the facts are found to exist, which, under section 55 of the Insolvent Act, are required to render fraudulent and void a transfer of property from the insolvent to a creditor by way of preference, except that it is found that the property transferred consisted of lots with a dwelling-house thereon worth three thousand five hundred dollars, where the debtor was residing with his family, but which had not been claimed as a homestead by a declaration by either husband or wife at the time of the transfer, such premises are not exempt from execution, and the assignee of the insolvent is entitled to a decree canceling the conveyance and restoring the property as part of the estate of the insolvent debtor.

ID.—SETTING APART HOMESTEAD FOR INSOLVENT.—While it is the duty of the court in a proper case, to set apart a homestead for the insolvent, if he desires it; it can only be set apart upon his request, and a creditor to whom land suitable for a homestead has been conveyed, cannot insist upon having such property set apart as a homestead for the insolvent's benefit.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion.

*John Gale*, for Appellant.

*Reardon & White*, for Respondent.

TEMPLE, C.—The complaint shows that on the tenth day of September, 1892, a petition was filed in the superior court of Butte county, under the Insolvent Act of 1880, praying that Thomas Boulware be adjudged an insolvent debtor. That thereafter such proceedings were had that on the nineteenth day of December, 1892, an order was duly given and entered adjudging said Boulware to be an insolvent debtor.

That plaintiff having been duly elected assignee of said insolvent on the twenty-third day of January, 1893, duly qualified as such, and on the same day an assignment of the estate of the insolvent was executed by the clerk, as required by said act.

That on the first day of September, 1892, and within one month before the filing of the petition in insolvency, the insolvent assigned, transferred, and conveyed to defendant certain real property, which is specifically described in the complaint.

That at the time of said transfer said Boulware was, now is, and ever since has been indebted to a large number of persons in a large amount, and then was, ever since has been, and now is, wholly insolvent.

That at the time of the transfer said Boulware was also indebted to the defendant, and that the transfer was made with the intention of giving defendant a preference, and of preventing the property so transferred from coming to the assignee in insolvency—under the act—and to prevent the same from being ratably distributed among his creditors, and that defendant accepted said property as a preference as a payment of her indebtedness, and at the time had reasonable cause to believe, and did believe and know, that said property was transferred to her with the intention of giving her the preference and of preventing the property from being divided ratably among the creditors of said insolvent debtor.

That the transfer was not made in the usual course of business, but was made and accepted with the view of preventing the property from coming to the assignee

of the insolvent, to prevent it from being distributed
among the creditors of the insolvent, and to delay the
operation and evade the provisions of the Insolvent
Act of 1880, of the the state of California.

That the property is of the value of three thousand
five hundred dollars.   Wherefore he asks that the con-
veyance be canceled, etc.

The answer denies some of the allegations of the com-
plaint and particularly that the transfer was made and
received with the intent alleged.

The court finds that Boulware was an insolvent, as
alleged, and that plaintiff was appointed and qualified
as assignee and that the assignment was made.

Also that Boulware, was and still is, insolvent and un-
able to pay his debts from his own means.   That at the
time of the transfer Boulware was indebted to defend-
ant, and that the transfer was made with a view of giv-
ing defendant a preference, and that defendant accepted
it as a preference and in payment of an indebtedness
due her from the insolvent, and then had cause to be-
lieve, and did believe and well know, that the transfer to
her was with the view and intention of giving her a
preference, and with knowledge that Boulware was an
insolvent and unable to pay his debts.

That the property so transferred consisted of lots with
a dwelling-house thereon, in which the insolvent debtor
then was, and long prior thereto had been, residing with
his family, which consisted of a wife and two minor
children.   The premises were then worth three thousand
five hundred dollars, and that the debt due defendant,
with certain encumbrances which were upon the prem-
ises, fully equaled the value of the premises.

The court then found as a conclusion of law that the
property involved was property which the court could
and would have set apart as a homestead for the insol-
vent, and therefore it would not have been applied to the
payment of the indebtedness of the insolvent, and there-
fore the conveyance did not prevent it from being rata-
bly divided among the creditors, and the conveyance

was, therefore, not a fraud upon the creditors or the insolvent law.

The premises had not been selected as a homestead by a declaration by either husband or wife at the time of the transfer, and might have been attached by the creditors. It was not, therefore, property exempt from execution.

The sole reason why the court found that the transfer was not fraudulent was because it could and would have been set apart as a homestead for the family if it had not been transferred to defendant. All the facts are found to exist, which under section fifty-five of the Insolvent Act are required to render the transfer fraudulent and void, except that it is not found that the transfer was with the view to prevent the ratable distribution of the property among the creditors of the insolvent, and the reason why this was not found is as above stated.

But how can the court now know that this property would have been set apart for a homestead? It would have been done—if at all—as an act of judicial discretion, a discretion which can now never be exercised. Whether the insolvent had other property suitable for a homestead does not appear. Can it now be determined that the court would have selected, designated, and set apart this precise property? And may not the insolvent still be entitled to a homestead from other property?

And again, while it is the duty of the court, in a proper case, to set apart a homestead for the insolvent, if he desires it, I do not think the court should do so if he does not desire it. It is not against public policy for one to relinquish his property to his creditors in payment of his honest debts. It cannot now be known whether the insolvent would have desired to retain a homestead. Surely a creditor to whom land suitable for a homestead has been conveyed cannot insist upon having such property set apart as a homestead for the insolvent's benefit. Such, however, is the real effect of

the judgment in this case.   Admitting that it is the duty of the court of its own motion to set apart a homestead, defendant cannot complain of a failure to do so.

Had the property, when conveyed, been exempt from execution and therefore then beyond the reach of creditors, there would have been much force in the argument of the respondent, but I think it is going too far to hold that when one is charged with taking property in violation of the Insolvent Act, he may defend by showing that the property was of such a nature that it might have been made exempt from execution.   By conveying it to defendant the insolvent put it beyond his power to have it declared a homestead.   That could only be done for the benefit of the insolvent and his family.

The complaint is sufficient.   It contains all that the statute requires.

I recommend that the judgment be reversed and the court directed to enter judgment upon the findings for plaintiff as prayed for in the complaint.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, it is ordered that the judgment be reversed and the court below directed to enter judgment upon the findings for plaintiff as prayed for in the complaint.

PATERSON, J., GAROUTTE, J., HARRISON, J.