[No. 18279.    Department Two.—September 29, 1894.]

## MOSES LA POINT, Assignee, etc., Respondent, *v.* C. N. BOULWARE, Appellant.

Insolvency—Transfer in Payment of Debt—Lapse of Thirty Days.— An assignee in insolvency cannot recover personal property transferred by the insolvent in payment of a debt more than thirty days before the commencement of insolvency proceedings.

Id.—Right of Debtor to Prefer Creditor—Effect of Insolvency.— Under section 3432 of the Civil Code a debtor may pay one creditor in preference to another, or may give one creditor security for the payment of his demand in preference to another, and under the insolvent act such transactions are not disturbed unless they occur one month before proceedings in insolvency are commenced.

Id.—Commencement of Insolvency Proceedings—Insufficient Petition—Amended Petition.—Insolvency proceedings are not commenced within the statute within thirty days after a transfer in payment of a debt, until the filing of a sufficient petition, upon which an order of adjudication in insolvency may be made by the court, and where a petition is denied or a general demurrer sustained to a petition for insolvency, a sufficient amended petition must be taken to be a new petition, and the commencement of the proceedings within the statute.

Appeal from a judgment of the Superior Court of Butte County, and from an order denying a new trial.

The facts are stated in the opinion.

*Reardan & White,* for Appellant.

*John Gale,* for Respondent.

Haynes, C.—This action was brought by the assignee in insolvency of T. M. Boulware against the defendant, C. N. Boulware, to recover certain personal property alleged to have been transferred to the defendant by the

insolvent in payment of a debt within thirty days before the commencement of insolvency proceedings.

The sufficiency of the complaint in this action is assailed by appellant. The complaint here, however, cannot be distinguished from the complaint in *La Point, assignee,* v. *Blanchard,* 101 Cal. 549, which was held sufficient.

Appellant also contends that the petition under which T. M. Boulware was adjudged an insolvent was not filed within thirty days after the sale of the horses and wood to the defendant, and that therefore the sale in question does not come within the statute.

The sale was made on or about the first day of September. A petition was filed by creditors on the 10th. On September 27th the court entered an order denying the petition. That order, we think, ended that petition. But on the 29th, and within the time allowed by the court therefor, an amended petition was filed. The *so-called* amended petition must be taken to be a new petition. The alleged insolvent appeared and filed a general demurrer to the amended petition, and, as that petition was less than thirty days after the transaction, it was in time. But that demurrer was also sustained, and leave given to amend, and the amended petition, under which T. M. Boulware was adjudged an insolvent, was filed on the 28th of November.

The findings show the foregoing facts.

Appellant cites section 61 of the Insolvent Act, which reads as follows: " The filing of the petition by or against a debtor upon which an order of adjudication in insolvency may be made by the court shall be deemed to be the commencement of proceedings in insolvency under this act."

It is contended that if a petition is filed which is insufficient to justify an order adjudging the defendant an insolvent a new or amended petition which is sufficient cannot take effect by relation as of the date of the original petition, but only from the date of the filing of the sufficient one.

Section 405 of the Code of Civil Procedure provides: "Civil actions in the courts of this state are commenced by filing a complaint."

The difference in language used in these two sections is suggestive. In the one last quoted "filing a complaint" is the commencement of the action. If section 61 of the Insolvent Act were made to correspond to the above provision of the Code of Civil Procedure it would read: "The filing of a petition against a debtor shall be deemed to be the commencement of proceedings in insolvency under this act."

In this section, however, we have instead of " a " petition *the* petition *"upon which an order of adjudication in insolvency may be made by the court."*

We think this language requires, as the commencement of the proceeding, the filing of a sufficient petition—one upon which a valid adjudication of insolvency may be made. This would seem to be the natural construction and the plain import of the words. But, if reasons for such provision are required, they are at hand. Article 9, section 56, of this act imposes heavy penalties for a large number of acts done "after the commencement of proceedings in insolvency," which are not penal if done before. It would seem a hard construction that the filing of a petition upon which no adjudication could be made should be held to be the commencement of proceedings, and so subject the defendant to penalties, though no facts were alleged, or might ever be alleged, which would sustain an adjudication of insolvency. One of these penal offenses is "payment," an act which, under other circumstances, it is his duty to perform. Nor is the defendant in such proceedings the only person affected. Take this case. The defendant in this action, appellant here, indorsed a note for the insolvent, and, in consideration of the property sought to be recovered in this suit, assumed its payment. Under section 3432 of the Civil Code the transaction is expressly authorized.

That section provides: "A debtor may pay one cred-

itor in preference to another, or may give one creditor security for the payment of his demand in preference to another"; and under the Insolvent Act such transactions are not disturbed, unless they occur within one month before proceedings in insolvency are commenced. In such case the defendant here, who did only that which he had a right to do, and whose act cannot be assailed unless within the precise time limited by the insolvency act, should not be affected by the filing of an insufficient petition against the party with whom he lawfully dealt. If the filing of a petition against an alleged insolvent upon which no adjudication of insolvency can be made can have the effect of converting a lawful act into an unlawful one, and tie the hands of a business man, and prevent him from dealing with his property or paying his debts, it would open a wide door for persecution and the gratification of malice; a door that is effectually closed by the requirement that only the filing of a sufficient petition, one, upon which the facts alleged therein being established by proof, will sustain an order adjudging the defendant an insolvent debtor, shall be deemed the commencement of proceedings under the act.

Respondent calls attention to section 8 of the act under which he contends the petitioners can amend their petition by leave of the court.

The language of the section in that regard is as follows: "The petitioners may from time to time amend and correct the petition, so that the same shall conform to the facts, by leave of the court before which the proceedings are pending."

Respondent also calls attention to the language of section 55, which, so far as material, is as follows: "If any person, being insolvent or in contemplation of insolvency, within one month before the filing of a petition by or against him," etc.

Counsel italicizes the words *a petition.* The remainder of the section shows that an adjudication of insolvency and the appointment of an assignee are

required before the penalty can be visited upon the person to whom the property is transferred, and, therefore, contemplates a sufficient petition. But this section should be so construed as to harmonize with the other provisions of the act. Section 61 makes the filing of a sufficient petition the commencement of the proceedings, and section 56 punishes certain acts done " after the *commencement* of proceedings in insolvency," while the construction of section 55, contended for, would make the filing of any petition, though it should not be " the commencement of proceedings," to be an act wholly changing the essential character of a transaction from a lawful to an unlawful one.

Respondent further contends that sustaining a demurrer does not necessarily show that an adjudication could not have been had under the petition demurred to. This would be so if the record here were silent as to the grounds of the demurrer. But in this case the record shows that the demurrer was a general one, which implies that the petition was attacked upon the ground that it failed to state facts which would sustain an adjudication that the debtor was an insolvent under the provisions of the act.

We therefore conclude that the proceedings were not commenced within one month after the sale of the property in question to appellant, and that the judgment and order appealed from should be reversed, and the court below directed to dismiss the action at the cost of the plaintiff.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the court below directed to dismiss the action at the cost of the plaintiff.

DE HAVEN, J., MCFARLAND, J., FITZGERALD, J.