## In the Matter of BENJAMIN CLOSE, in Insolvency.

Insolvency—Sufficiency of Creditors' Petition.—A petition by creditors against an insolvent debtor sufficiently states a cause of action, when it shows that all the creditors were residents of the state of California, that the demands are due and accrued in this state, and states the nature and amount of their several demands, and the other facts required by section 8 of the Insolvent Act.

Id.—Verification of Petition.—The verification of a petition by three persons, one of whom swears that he is vice-president of a corporation named as one of the petitioners, sufficiently shows a verification by an officer of the corporation, as required by section 446 of the Code of Civil Procedure.

Id.—Allowance of Counsel Fees.—The law makes no provision for an allowance from the estate of an insolvent debtor, to employ counsel and pay expenses of the litigation on his part, contesting the adjudication of insolvency.

Id.—Insufficient Petition for Counsel Fees.—A petition for counsel fees in a specified sum, which does not show the nature or value of the estate, is insufficient.

APPEAL from a judgment of the Superior Court of Humboldt County adjudging a debtor insolvent.

The facts are stated in the opinion.

*John A. McQuaid*, for Appellant.

The demurrer to the petition should have been sustained, as it does not show that the petitioners are firms or partnerships, or that the names of five or any creditors are set forth in the petition. (Insolvent Act, secs. 8, 9.) It is not shown that J. A. Folger & Co., in whose behalf the petition purports to be verified, is a corporation formed or existing under the laws of this state, or is in any sense a resident of this state, or entitled to verify said petition. (Insolvent Act, sec. 8.) There is no value alleged in the petition to any of the goods alleged to be sold to the defendant. It does not appear that any or all of them "amount" in value to five hundred dollars, or any other sum. (Insolvent Act, sec. 8.) The allegations are insufficient to maintain a civil action on either

of the demands in the petition. (*In re Russell*, 70 Cal.
132.) The petitioners merely charge that the defend-
ant is "indebted" to them, without stating the facts
constituting the indebtedness; as the petition tenders
nothing but a conclusion of law for issue it is clearly
demurrable. (*Wells* v. *McPike*, 21 Cal. 216; *In re Rus-
sell, supra.*) The verification of the petition by one
described as vice-president of the petitioning corpora-
tion is insufficient, as this is a supposed officer un-
known to the law. (Civ. Code, sec. 308.) The court
erred in overruling the petition for the allowance of
costs and attorneys' fees, as it was proper that there
should be reserved from his estate sufficient to pay
attorneys' fees and costs. (*In re Harris*, 81 Cal. 350; *In
re Luce*, 83 Cal. 303.)

*Joseph Kirk,* and *Ford & Burnell,* for Respondent.

The petition is sufficient and complies with all the
requirements of section 8 of the Insolvent Act. (*Wright*
v. *Cohn*, 88 Cal. 328. See, also, Bump on Bankruptcy,
8th ed., 927; *In re Sheehan*, 8 Bank. Reg. 245.) The
verification is sufficient. The verification by the vice-
president of the corporation of J. A. Folger & Co. was
proper, as the vice-president of a corporation is an
officer thereof. (6 Century Dictionary, 6747; Code Civ.
Proc., sec. 446; Webster's International Dictionary,
1608; 2 Abbott's Law Dictionary, 635; *In re St. Law-
rence etc. R. R. Co.*, 133 N. Y. 270; *Wright* v. *Cohn, supra.*)
The allegation of partnership is sufficient. (*Anable* v.
*Conklin*, 25 N. Y. 470.) The allegation that the cred-
itors were all residents of this state was sufficient, and
it was not necessary for the petition to set out how the
corporation was incorporated. (*La Fayette Ins. Co.* v.
*Rogers*, 30 Barb. 491; *Elizabethport Mfg. Co.* v. *Campbell*,
13 Abb. Pr. 86; *Shoe & Leather Bank* v. *Brown*, 9 Abb.
Pr. 218; *Stanley* v. *Richmond etc. R. R. Co.*, 89 N. C. 331;
*Harris* v. *Muskingum Mfg. Co.*, 4 Blackf. 267; 29 Am.
Dec. 372; *Canandarqua Academy* v. *McKechnie*, 19 Hun,
62; 90 N. Y. 618; *Union Cement Co.* v. *Noble*, 15 Fed.

Rep. 502; *Ryan* v. *Farmers' Bank,* 5 Kan. 658; *Harris Mfg. Co.* v. *Marsh,* 49 Iowa, 11; *Wendall* v. *Osborne,* 63 Iowa, 101.) The allegations as to the value of the goods are sufficient. (*In re Dennery,* 89 Cal. 102; *Campbell* v. *Judd* (Cal., Aug. 26, 1885), 7 West. Coast Rep. 372; 7 Pac. Rep. 804; *Allen* v. *Patterson,* 7 N. Y. 476; 57 Am. Dec. 542.) The facts constituting the indebtedness are sufficiently set forth in the petition. (*Campbell* v. *Judd, supra; Wright* v. *Cohn, supra; Halleck* v. *Mixer,* 16 Cal. 577; *Drais* v. *Hogan,* 50 Cal. 125.) The Insolvent Act of 1880 does not authorize the court to make an allowance out of the estate of the insolvent to pay costs and counsel fees. Insolvency proceedings are statutory, and must be strictly pursued. (*Cohen* v. *Barrett,* 5 Cal. 195; *McAllister* v. *Strode,* 7 Cal. 428; *Meyer* v. *Kohlman,* 8 Cal. 47; *McDonald* v. *Katz,* 31 Cal. 167; *Hastings* v. *Cunningham,* 39 Cal. 137.)

SEARLS, C.—This is an appeal by Benjamin Close from the judgment of the superior court in and for Humboldt county adjudging him an insolvent debtor, and from an order denying his application for an allowance from his estate of money sufficient to employ counsel, pay costs, expenses, etc.

The petition is in the following language:

"IN THE SUPERIOR COURT OF THE COUNTY OF HUMBOLDT, STATE OF CALIFORNIA.

"*In the matter of Benjamin Close in insolvency.*

"CREDITORS' PETITION IN INVOLUNTARY INSOLVENCY.

"The petition of the hereinafter mentioned creditors respectfully shows:

"That said respondent, Benjamin Close, is indebted to the following petitioners, all residents of the state of California:

"To Root & Sanderson, a partnership, in the sum of $537.26 for goods sold and delivered to said Benjamin Close within twenty-three months last past.

"To H. Levi & Co., a partnership, in the sum of

$136.30, for goods sold and delivered to said Benjamin Close within twenty-three months last past.

"To Seller & Bros. Co., a partnership, in the sum of $28.89, for goods sold and delivered to said Benjamin Close within twenty-three months last past.

"To Getz Bros. & Co., a partnership, in the sum of $79.05, for goods sold and delivered to said Benjamin Close within twenty-three months last past.

"To Wheaton, Breon & Co., a partnership, in the sum of $73.88, for goods sold and delivered to said Benjamin Close within twenty-three months last past.

"To J. A. Folger & Co., a corporation, in the sum of $285.81, for goods sold and delivered to said Benjamin Close within twenty-three months last past.

"That all said demands accrued in this state; that all said sums are due and unpaid, and have not been assigned to the petitioners in whole or in part; that said debtor resides and has his place of business in said county of Humboldt, state of California, and has permitted his property to remain under attachment for over four days, and that he is insolvent and has so been before and ever since said attachment was levied on his property; that the said insolvent has no other property.

"That it is necessary for the preservation of the estate of said debtor that said debtor be restrained from receiving the payment of any debts, and the delivery of any property, and from transferring any property, and that all persons, corporations, or associations indebted to said debtor, or having in their possession property belonging to said debtor, be forbidden to make payment of such debts or to deliver such property to said debtor, or to any one for the use of said debtor.

"Wherefore petitioners pray that the said debtor show cause, at a time and place to be fixed by this honorable court, why he should not be adjudged insolvent, and the surrender of his estate be made for the benefit of his creditors; that no creditor whose debt is provable under said act be allowed to prosecute to final judgment any action therefor against said debtor until the question of

discharge shall have been determined; and that any and all suits and proceedings be stayed until the further order of the court; that all persons be forbidden to pay any debts to said debtor, or to deliver any property belonging to said debtor to him, or to any person, firm, corporation, or association for his use; that said debtor be forbidden to transfer or deliver any property; and that such further proceedings may be had as the law in such cases prescribes.

"Jos. Kirk, and Ford & Burnell,<br>"Attorneys for Petitioners."

"State of California, } ss.<br>"City and County of San Francisco.}

"E. M. Root, C. J. Paddock, and Paul Breon, being each severally sworn, doth say on oath: That he is one of the petitioning creditors in this proceeding; that he has heard read the foregoing petition and is acquainted with the contents thereof; that the same is true of his own knowledge, except as to the matters therein stated upon his information or belief, and that as to those matters he believes it to be true; that said E. M. Root is a member of the firm of Root & Sanderson, one of the petitioners herein; that Paul Breon is a member of the firm of Wheaton, Breon & Co., one of the petitioners herein; that C. J. Paddock is vice-president of J. A. Folger & Co. (a corporation), one of the petitioners herein.                         E. M. Root,

"C. J. Paddock,<br>"Paul Breon.

"Subscribed and sworn to before me this 3d day of April, 1894.

[seal of notary]   "Samuel Rosenheim,

"Notary Public."

The respondent therein, who is the appellant here, demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action or petition under the Insolvent Act of 1880.

The demurrer was overruled, and such ruling is assigned as error. The petition is sufficient within the

rulings of the court in *Wright* v. *Cohn*, 88 Cal. 328, and *In re Dennery*, 89 Cal. 107.

It shows that all of the petitioners are residents of the state of California; that the demands are due, and accrued in this state; the nature and amount of their several demands, and the other facts required by section 8 of the Insolvent Law, approved April 16, 1880. (Stats. 1880, p. 82.)

The demurrer was properly overruled.

A motion was also made to strike out the petition, "upon the ground that the same is not verified by three of the petitioners named therein."

The motion was overruled, and error is predicated upon such ruling.

As will be observed, the affidavit is by three persons, one of whom (C. J. Paddock) swears he is "vice-president of J. A. Folger & Co. (a corporation), one of the petitioners."

Section 446 of the Code of Civil Procedure provides, in reference to the verifications of pleadings, that, when a corporation is a party, "the verification may be made by any officer thereof."

A vice-president certainly is or may be an officer of a corporation, and, when he states under oath that he is such officer, it is sufficient.   It is not more necessary for a vice-president to set out the fact of his selection as an officer of the corporation than it would be for the president, secretary, or other officer to do so.

A vice-president, or one who acts in the place of and instead of the president, is an officer well known and recognized by the law in incorporated companies.

His statement in an affidavit to a pleading that he is such officer is sufficient to give validity thereto.

The motion on the part of the appellant here for an allowance of two hundred and fifty dollars from his estate to employ counsel and pay expenses, etc., was properly refused for two reasons: 1. The law makes no provision for such an allowance; 2. The petition therefor was insufficient.

It did not show the nature or value of the estate. It may well be that the sum asked was in excess of the entire assets of the estate of the insolvent.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

TEMPLE, J., HENSHAW, J., McFARLAND, J.