[No. 18456.    Department Two.—November 13, 1895.]

IN THE MATTER OF THE INSOLVENCY OF J. A. PATTON.

INSOLVENCY—PETITION OF CREDITORS—SUFFICIENCY OF PLEADING—FRAUD-
    ULENT TRANSFER.—Under section 8 of the Insolvent Act, which pre-
    scribes what facts the petition of creditors against an insolvent debtor
    shall set forth, a petition alleging a transfer of the property of the in-
    solvent with intent to hinder, delay, and defraud his creditors, and set-
    ting forth the name of the grantee, with the circumstances of time,
    place, and general description of the property sold, is sufficient, and is
    not demurrable because the allegations of fraud are not made more spe-
        CX. CAL.—3

cific; and where the petition also alleges that the respondent, being insolvent, and in contemplation of insolvency, sold and conveyed a stock of merchandise, in the petition described, it sufficiently states an act of insolvency on the part of the respondent, entitling the creditors to an adjudication of his insolvency.

APPEAL from a judgment of the Superior Court of Glenn County. SETH MILLINGTON, Judge.

The facts are stated in the opinion.

*Joseph Kirk*, and *J. H. Ball*, for Appellant.

The complaint stated all the requirements and jurisdictional facts enumerated in section 8 of the Insolvent Act, and the demurrer should not have been sustained. (*Campbell* v. *Judd*, 7 West Coast Rep. 372; *In re Dennery*, 89 Cal. 101; *Threlkel* v. *Scott* (Cal., Nov. 25, 1893), 34 Pac. Rep. 851; Bump's Practice in Bankruptcy, 9th ed., 533, form 54.)

*Charles I. Donohoe*, for Respondent.

The petition does not sufficiently and specifically state the facts constituting the fraud. (*Kinder* v. *Macy*, 7 Cal. 206; *Harris* v. *Taylor*, 15 Cal. 348; *Meeker* v. *Harris*, 19 Cal. 279; 79 Am. Dec. 215; *Castle* v. *Bader*, 23 Cal. 77; *Kent* v. *Snyder*, 30 Cal. 674; *Mandeville* v. *Solomon*, 39 Cal. 125; *Sacramento Sav. Bank* v. *Hynes*, 50 Cal. 196; *Bull* v. *Bray*, 89 Cal. 286; *Dyer* v. *Bradley*, 89 Cal. 557.)

VANCLIEF, C.—The requisite number of the creditors of J. A. Patton petitioned the superior court of Glenn county that he be adjudged insolvent and required to surrender his estate for the benefit of his creditors, and he was ordered to show cause why the petition should not be granted. In response to the order he demurred to the petition, on the grounds that it " does not state facts sufficient to constitute an act of insolvency on the part of said respondent, and does not state facts sufficient to constitute a cause of action against respondent."

The court sustained the demurrer, and the petitioners

declining to amend their petition, judgment passed for defendant dismissing the petition, and for costs.

The petitioners bring this appeal upon the judgment-roll.

The petition states two grounds, or acts of the respondent, upon which the petitioners pray that he may be adjudged insolvent, as follows:

1. "That said J. A. Patton did heretofore, to wit, on or about the 20th day of July, 1894, at the town of Willows, county of Glenn, state of California, make a transfer of his property, with intent to hinder, delay, and defraud his creditors; that is to say, being then and there possessed of a stock of merchandise, consisting of dry goods, fancy goods and furnishing goods, boots and shoes, clothing, hats and caps, groceries and tobacco, and similar goods, contained in his store conducted by him at said town of Willows, being indebted to the petitioners herein, the said respondent, J. A. Patton, did transfer said stock of merchandise and property unto one R. D. Fry, with the intent aforesaid.

"That said J. A. Patton was, and at all the times herein mentioned, and now is, insolvent, and has not sufficient property with which to satisfy the claims and demands of petitioners."

2. "That said respondent, on or about the 20th day of July, 1894, at the town of Willows, county of Glenn, state aforesaid, being insolvent and in contemplation of insolvency, did make a grant, sale, conveyance, and transfer of a certain stock of merchandise, consisting of dry goods, fancy goods, and furnishing goods, boots and shoes, clothing, hats and caps, groceries and tobacco, and similar goods, then and there belonging to and used in the business conducted by him at said Willows, unto one R. D. Fry.

"That said respondent, J. A. Patton, was at all the times herein mentioned, and now is, insolvent, and has not sufficient property with which to satisfy the claims and demands of petitioners."

The only deficiency attributed to the petition by re-

spondent is "that the allegations of fraud, as set out in the creditor's petition, merely state conclusions of law, and are not sufficiently specific as to the facts and circumstances constituting the fraud."

Section 8 of the Insolvent Act of 1880 prescribes what the creditors' petition must set forth as acts for which a person may be adjudged insolvent. Among them are · the following: That he "has made any assignment, gift, sale, conveyance, or transfer of his estate, property, rights, or credits with intent to delay, defraud, or hinder his creditors; or, in contemplation of insolvency, has made any payment, gift, grant, sale, conveyance, or transfer of his estate, property, rights, or credits."

That the respondent did make a transfer of his property to one R. D. Fry, with intent to hinder, delay, and defraud his creditors, and that, in contemplation of insolvency, he did make a grant, sale, conveyance, and transfer of his property to said Fry, are specifically stated in the petition, with the circumstances of time, place, and general description of the property sold. This was in full compliance with section 8 of the Insolvent Act, which prescribes what the petition must set forth. It is also entirely in accord with the practice in bankruptcy cases in the federal courts under the United States bankrupt law, substantially the same as section 8 of the Insolvent Act of this state. (See Bump's Practice in Bankruptcy, 933, form 54.) No authority applicable to insolvency or bankruptcy cases has been cited by counsel for respondent which would sustain the demurrer in this case, the cases cited being only the ordinary actions in which relief is sought on the ground of fraud actually committed, and in which the pleading is governed by the general law of pleading, and not by. a statute enacted for a special class of cases which prescribes what facts the pleading shall set forth, as does the eighth section of the Insolvent Act. Besides, no fraud is necessary to constitute a majority of the acts enumerated in section 8 of the Insolvent Act, for which a person may be adjudged an insolvent; and, at least,

one of such acts is charged in the petition under consideration, viz., that, "in contemplation of insolvency," the respondent sold and conveyed his property, etc. Each of the acts enumerated in said section, as well as the intention with which it was done, is a fact, and not a conclusion of law, as contended by counsel of respondent. Surely the selling of one's property with the intent to delay creditors is a fact upon proof of which the seller may be adjudged an insolvent, and the petition sufficiently states this fact.

I think the judgment should be reversed and the court below instructed to overrule the demurrer.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below is instructed to overrule the demurrer.

McFarland, J., Henshaw, J., Temple, J.