[Sac. No. 329.   Department One.—January 8, 1898.]

In the Matter of the Insolvency of THE VISALIA CITY WATER COMPANY.

INVOLUNTARY INSOLVENCY—INSUFFICIENT VERIFICATION OF PETITION—JURIS-
DICTIONAL REQUIREMENT—VOID PETITION NOT AMENDABLE—CONSTRUCTION
OF CODE.—The verification of a petition in involuntary insolvency by
three creditors of the insolvent is necessary to the validity of the
petition, and the requirement of it is jurisdictional; and where it ap-
peared that at the time of the verification of the petition by three
creditors it contained only averments in reference to their claims,
and that the claims of two other creditors verifying the petition
were subsequently inserted. the verification by the three creditors is
a nullity, and the petition, not being verified as required by the
statute, is void, and, being void, is not amendable under section 9
of the Insolvent Act, which is intended to provide only for the
amendment of a valid petition, and does not refer to a void petition

CXIX. CAL.—36

which no amendment can validate, so as to confer upon the court jurisdiction of the subject matter of the proceeding which it did not previously have.

ID.—FORM OF BOND.—The Insolvency Act contemplates the filing of a bond with two sureties, and all the petitioning creditors as principals.

APPEAL from an order of the Superior Court of Tulare County adjudicating the insolvency of a debtor corporation and from an order denying a new trial. William W. Cross, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and T. E. Gibbon, for Appellant.

E. T. Dunning, and W. B. Wallace, for Respondent.

GAROUTTE, J.—This appeal involves the validity of an order of the superior court declaring the Visalia City Water Company, a corporation, an insolvent debtor. The proceeding was inaugurated by the creditors of the corporation, and the petition was filed February 8, 1896. Upon its face it appeared to have been verified by three creditors at Los Angeles February 6, 1896, and by two creditors in the county of Tulare upon February 7, 1896. When the petition was filed the court made an order that the alleged insolvent show cause upon February 14th why it should not be declared an insolvent debtor. Upon the day set for the hearing of the order to show cause, it was developed by the evidence that, at the time the petition was verified by the three Los Angeles creditors, neither the names nor the claims of the Tulare county creditors, who thereafter verified the petition, were set out in the petition, and that the allegations of the petition as to the Tulare county creditors were placed therein after the verification by the Los Angeles creditors. The foregoing facts having appeared, the court made an order allowing the petitioning creditors to file an amended petition. The amended petition as filed was a duplicate of the original, except as to the verification. Objections were made by the water company to the sufficiency of the original petition by reason of the matters stated, and further objections were also made to the order of the court allowing the petition to be amended as aforesaid. These objections present matters for serious consideration.

Did the court have the right to allow the creditors to file an

amended petition?   This right is claimed by virtue of section 9 of the Insolvent Act, wherein it is provided: "The petitioners may from time to time amend and correct the petition, so that the same shall conform to the facts, by leave of the court before which the proceedings are pending, such amendment or amendments to relate back to and be received as if embraced in the original petition." It will be observed that this provision of the law treats of the facts set out, or which may be set out, in the petition. It does not refer to a void petition; a petition absolutely void is beyond amendment. If the original petition was void, the court obtained no jurisdiction over the subject matter of the proceeding, and no amendment could validate it. The bond accompanied the original petition. The order to show cause was based upon that petition, and, if that petition was void, it would seem that the whole proceeding must fall. The Insolvency Act requires the petition to be verified by three creditors. This verification is necessary to the validity of the petition. An unverified petition could not form the basis of the proceeding, for this requirement is essentially jurisdictional.

In the case of La Point v. Boulware, 104 Cal. 264, it is held that insolvency proceedings are not commenced within the meaning of the Insolvent Act until a petition is filed which will support an adjudication in insolvency; and the fact that this act was amended in 1895, so that amendments to the petition relate back to and are to be received as if embraced in the original petition, in no way changes or modifies the principle laid down in that case. The original petition in this case was fatally defective. The verification by the three Los Angeles creditors went for naught. It was not a verification of the petition as filed. The petition in material parts was different when filed. Hence, the petition as filed was only verified by the two Tulare county creditors. A verification by two creditors gave it no more value as a petition, from a jurisdictional standpoint, than if verified by none.

Objection is made to the sufficiency of the bond which accompanied the original petition. Owing to the views already expressed, it is sufficient to say that we are satisfied the Insolvency Act contemplates the filing of a bond with two sureties and all the petitioning creditors as principals.

Judgment and order reversed and cause remanded.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.