[L. A. No. 587.   Department One.—December 7, 1899.]

In the Matter of A. M. MEALY and FLORENCE WEEKS STETSON, Partners as A. M. Mealy & Co., Insolvent Debtors, Appellants.   PACIFIC CROCKERY AND TIN-WARE COMPANY et al., Petitioning Creditors, Respondents.

INVOLUNTARY INSOLVENCY—INSUFFICIENT PETITION OF CREDITORS.—A petition of creditors in involuntary insolvency against the members of a partnership, which alleges that the debtors made a transfer of their estate, with intent to defraud their creditors. and that in contemplation of insolvency they have made a payment and transfer of their estate, without stating that the first alleged transfer was made "being insolvent," or that the debtors are insolvent, or stating any time when they made any payment or transfer, or to whom it was made, or what property was transferred, is insufficient, both upon general and special demurrer, and cannot sustain an adjudication of insolvency.

ID.—INSUFFICIENCY OF BOND—WAIVER OF OBJECTIONS.—A bond not signed by two sureties and by all of the petitioning creditors

as principals is insufficient; but objection thereto is waived if not made in the court below at the proper time, and cannot be urged upon appeal for the first time.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion.

Leonard & Morris, and E. R. Annable, for Appellants.

Dillon & Dunning, and Curtis & Curtis, for Respondents.

CHIPMAN, C.—Involuntary insolvency. The petitioning creditors had judgment by default, upon demurrer to their petition being overruled, adjudging appellants to be insolvent. The appeal is from this judgment. The points urged on the appeal are: 1. That the demurrer should have been sustained; and 2. That no sufficient bond was filed.

1. The demurrer was for insufficiency of facts and on the further ground that the petition is uncertain and unintelligible in that it does not state when the alleged assignment, sale, or transfer was made, and is ambiguous for like reason and for the further reason that it does not state to whom said assignment, transfer, sale, and conveyance was made.

The allegation of the petition is: "That said debtors reside and have their place of business in said county of San Bernardino and made an assignment, sale, conveyance, and transfer of their estate, property, rights, and credits with intent to delay, defraud, and hinder their creditors. The said debtors, in contemplation of insolvency, have made a payment and a grant, sale, conveyance, and transfer of their estate, property, rights, and credits." There is no allegation in the petition that the debtors are or were at any time insolvent, nor is there any allegation that they have assigned or transferred all their property, and there is nothing in the petition to show when the alleged assignment took place, or to whom or what property was transferred. So far as appears, the assignment may have been of some property of insignificant value; and it may have been assigned long before the passage of the act, and the debtors may have been solvent when and after they made the assignment. Section 9 of the Insolvent Act of 1895 (Stats. 1895, p.

131) provides that an adjudication of insolvency may be made on the petition of five or more creditors. Such petition must set forth "that such person (the debtor) is about to depart from this state, with intent, etc.; or conceals himself to avoid the service of legal process; or conceals or is removing any of his property," etc. These are grounds for the adjudication without regard to the solvency of the debtor. The act proceeds: "Or being insolvent, has suffered his property to remain under attachment or legal process for three days; . . . . or has made any assignment, gift, sale, conveyance, or transfer of his estate, property, rights, or credits, with intent to delay, defraud, or hinder his creditors." In these enumerated acts of the debtor the adjudication depends upon the fact of his "being insolvent." Without an allegation that he did the acts "being insolvent" there would be no sufficient ground alleged for the proceeding, and the petition in the present case rests in part upon the ground last above stated, and is copied from the act. The act proceeds: "Or in contemplation of insolvency, has made any payment, gift, grant, sale, conveyance, or transfer of his estate, property, rights, or credits." The complaint alleges "that said debtors, in contemplation of insolvency, have made a payment and a grant, sale," etc., following the language of the statute. There is nothing to show that these transactions were different from those previously alleged, for in neither case is the time when made, the person to whom made, or the property assigned set forth, or any other means of identification stated; and, so far as the petition shows, these latter transactions may have occurred years prior to the filing of the petition. We think the petition should have shown at least that the transfer was made since the passage of the insolvency act under which the proceeding was brought, if a date no more definite could have been stated, and should have contained some statement of the payment made or property transferred and to whom.

*In re Patton,* 110 Cal. 33, presented a similar question, but is not in point, for the petition there very properly alleged the insolvency of the debtors and also alleged the time when the transfer was made, to whom made, and the property transferred. The case of *In re Close,* 106 Cal. 574, also relied on by re-

spondent, was where the ground alleged was that the debtor had permitted his property to remain under attachment for over four days, and it was alleged that he was insolvent when the attachment was levied and has ever since so been, and that he had no other than the attached property. We do not think the petition was sufficient as against a general demurrer and certainly was obnoxious to the special demurrer.

2. Appellants make the point that the bond was insufficient, and that the court had no power to enter the judgment because the filing of the prescribed bond with the petition is jurisdictional. The petition was filed by certain four corporations and two copartnerships. The bond was signed by two sureties and by P. M. Daniel, J. M. Johnston, and A. B. Cass. Appellants claim that the signers of the bond must be petitioners. It was held in *Matter of Visalia City Water Co.*, 119 Cal. 561, that the "act contemplates the filing of the bond with two sureties and all the petitioning creditors as principals"; the bond was, therefore, insufficient. The objection to the bond is made here for the first time. It was said in *Creditors v. Consumer's Lumber Co.*, 98 Cal. 318, where the same objection was made as here, that "if the undertaking in this case was objectionable, in fairness to the other side the defects should have been pointed out in order that they might have been remedied." The question is unlike that in *Anderson v. Superior Court*, 122 Cal. 216, where there was no bond at all. It is not necessary to decide whether or not the filing of an insufficient bond is jurisdictional where no objection is made by the debtor to the bond as filed. In the present case there was a bond filed, and while we think it was insufficient in the particular already pointed out, the defect was waived by failure to make objection to it at the proper time and place.

It is advised that the judgment be reversed and the cause remanded.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

Harrison, J., Garoutte, J., Van Dyke, J.